UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN GOUGHER,<br><br>    Petitioner,<br><br>    v.<br><br>GELENE, et al.,<br><br>    Respondents. | Case No. 2:23-cv-07978-FMO-PD<br><br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE** |

On September 22, 2023, Marlin Gougher ("Petitioner"), a federal prisoner proceeding pro se, filed an "Emergency Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U. S. C. § 2241" ("Petition"). [Dkt. No. 1.] For the reasons set forth below, the Petition should be dismissed.

**I.    Background and Petitioner's Contentions**

Petitioner is presently housed at the Federal Correctional Institution at Lompoc ("FCI Lompoc"), which is within the Central District of California. [Dkt. No. 1.][1] He brings his Petition on behalf of himself and other similarly

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the federal dockets and filings available through the PACER system. *See*

situated and formerly situated inmates against B. Unit Manager Gelene, B. Unit Counselor Macias, and Maintenance Supervisor Keneon (collectively, ("Respondents")). [*Id*.] Petitioner alleges a violation of the Eighth Amendment's proscription against cruel and unusual punishment. [*Id*. at 3.]

Petitioner is housed in Building "B" at FCI Lompoc and alleges that the ventilation and heating systems in his Building, and Buildings "A", "J", and "K", are inadequate. [*Id*. at 2-4.] Petitioner and other inmates are forced to hang blankets or sheets around their beds in order to protect themselves from the cold air. [*Id*.] Petitioner alleges that correctional officers at FCI Lompoc are instructed to take down or confiscate blankets and sheets in the "name of appearance, when in reality it is to inflict physical and psychological torture" on inmates. [*Id*. at 3.] Petitioner also alleges that the lack of proper ventilation and heating could be viewed as elder abuse as well as violating the Americans with Disabilities Act. [*Id*.] Petitioner suggests that the situation could be remedied by ordering the Bureau of Prisons to weld or replace the windows in the housing units, install a duct system with a filter, or add heaters. [*Id*. at 5-6.]

## II. DISCUSSION

### A. Duty to Screen the Petition

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. *See* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may

---

*also Harris v. County of Orange*, 682 F. 3d 1126, 1131-32 (9th Cir. 2012) (noting that a court may take judicial notice of court records). Petitioner was convicted in the United States District Court for the Southern District of California of distribution, receipt, and possession of child pornography and sentenced in December 2017 to 200 months in custody. *United States v. Martin Lee Gougher,* 3:14-cr00635-WQH-1.

2

apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; *Mayle v. Felix*, 545 U.S. 644, 656 (2005); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition). The Court has reviewed the Petition under Rule 4 of the Habeas Rules and finds the Petition is subject to dismissal for the reasons explained below.

### B. To the Extent Petitioner Seeks to Bring his Petition on Behalf of Other Inmates, He May Not Do So

It is well-established that pro se litigants have no authority to represent anyone other than themselves. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney may not attempt to pursue claim on behalf of others in a representative capacity); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."); *see also McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (citations omitted). As such, Petitioner cannot pursue this case on behalf of similarly situated or formerly situated inmates.

### C. Petitioner's Claims Are Not Cognizable on Habeas Review

"Federal law opens two main avenues to relief on complaints related to imprisonment"— a petition for habeas corpus and a civil rights complaint. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in

3

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). In general, habeas proceedings provide a forum in which to challenge the "legality or duration" of a prisoner's confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979) (as amended); *see also Nettles v. Grounds,* 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc) (habeas is "the exclusive vehicle" for claims that fall within "the core of habeas corpus," that is, claims challenging "the fact or duration of the conviction or sentence"). By contrast, a civil rights action is the "proper remedy" for a petitioner asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the] core" of habeas corpus and instead, should be brought as a civil rights action "in the first instance"); *Greenhill v. Lappin*, 376 F. App'x 757 (9th Cir. 2010) (appropriate remedy for claim related to the conditions of confinement lies in a civil rights action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)). Thus, if success on a habeas Petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, must be pursued, if at all, in a civil rights action. *See Nettles*, 830 F.3d at 935; *see also Ramirez v. Galaza,* 334 F.3d 850, 859 (9th Cir. 2003).

Here, Petitioner's claims are based on the alleged inadequate ventilation and heating systems in Building B and other Buildings at FCI Lompoc. [Dkt. No. 1 at 2-5.] These are classic conditions of confinement claims that do not implicate the fact or duration of Petitioner's confinement. *See Nettles,* 830 F.3d at 933 (explaining that "prisoners may not challenge

mere conditions of confinement in habeas corpus"); *Shook v. Apker*, 472 F. App'x 702, 702-03 (9th Cir. 2012) (finding claims on conditions of confinement were properly brought under *Bivens* despite the relief sought). As such, his allegations sound in civil rights, not in habeas, and the Court lacks jurisdiction to hear the Petition.

While a federal court does have discretion to construe a habeas petition as a civil rights complaint, under the circumstances here the Court declines to do so. Prisoners filing civil rights actions, unlike prisoners filing habeas actions, are liable for the full amount of the $350.00 filing fee. *See* 28 U.S.C. § 1915(b)(1); *Naddi v. Hill*, 106 F.3d 275, 277 (9th Cir. 1997) (in forma pauperis provisions of 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, do not apply to habeas actions). Accordingly, if Petitioner seeks to pursue any civil rights claim, he must do so by filing a separate civil rights complaint in a new action.

### III.  ORDER

IT IS THEREFORE ORDERED that this action is dismissed without prejudice.

DATED: September 27, 2023

/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE